MARILYN SHERIDAN *v.* BOARD OF EDUCATION OF THE TOWN OF NEW FAIRFIELD
(7616)

SPALLONE, DALY and O'CONNELL, Js.

Argued September 14—decision released November 14, 1989

*William M. Laviano,* for the appellant (plaintiff).

*William H. Narwold,* with whom were *Karen L. Goldthwaite* and *Jay E. Bovilsky,* for the appellee (defendant).

DALY, J. The plaintiff appeals from the granting of the defendant's motion for summary judgment. The plaintiff claims that the court erred (1) in denying the plaintiff's motion to strike or stay the motion for summary judgment, and (2) in finding that no genuine issues of fact existed to preclude the granting of the motion for summary judgment. We find no error.

The following facts are relevant to the disposition of this appeal. In July, 1985, the defendant New Fairfield board of education[1] sent a letter to the plaintiff, Marilyn Sheridan, offering her a position as an English teacher at New Fairfield High School beginning September 1, 1985, and terminating June 30, 1986. The letter made it clear that the teaching position might not be renewed for another school year because the plaintiff would be replacing a teacher on a one year temporary assignment who would be returning the following year. The plaintiff accepted the offer, and the parties executed two additional documents in connection with that agreement. The first document was the Teacher's Annual Salary Agreement, which stated that the plaintiff was to receive a salary for the school year

[1] There originally were two defendants. The second defendant was the chairman of the New Fairfield board of education.

beginning September 1, 1985, and ending June 30, 1986. The second document was the Teacher's Initial Contract, which stated that the plaintiff was to be employed for the school year beginning September 1, 1985, and ending June 30, 1986. In accordance with General Statutes § 10-151, the Teacher's Initial Contract further stated (1) that the contract would be renewed annually by operation of law during the period of the plaintiff's first three years of continuous employment, unless the teacher was notified in writing prior to April first in one school year that the contract would not be renewed for the following school year, and (2) that the teacher may, upon written request filed with the board within ten days of receipt of any notice from the board of its intention to terminate or not renew the contract, be entitled to a hearing before the board and the reason or reasons for the termination or the nonrenewal of the contract would be communicated at that hearing.

The plaintiff commenced employment. At some time before March 1, 1986, the plaintiff refused to accept a late term paper submitted by the son of the chairman of the New Fairfield board of education. Also before March 1, the plaintiff held an ethics discussion on bribery after a student had asked her a hypothetical question as to what she would do if a student offered her a bribe to accept a late term paper. The plaintiff claims that this "hypothetical question" was interpreted by a powerful member of the board of education to mean that the plaintiff had falsely accused the chairman's son of offering the plaintiff a bribe to accept a late term paper. These two events, in conjunction with the plaintiff's third allegation that, in August, 1986, she was told that she would not be rehired because a powerful member of the board was blackballing her,

formed the basis for the plaintiff's claim that she was terminated or discharged in August, 1986, in violation of General Statutes § 31-51q.[2]

By letter dated March 12, 1986, the superintendent of schools for the New Fairfield public school system advised the plaintiff that he would recommend to the board that it not renew her contract at the board's next meeting on March 20, 1986. At the meeting, the board voted not to renew the plaintiff's contract for the following school year and, as required by the Teacher's Initial Contract, apprised her of this decision in a letter dated March 21, 1986. At that time, the plaintiff did not pursue her right to a hearing under General Statutes § 10-151 (c). On June 30, 1986, the plaintiff's Annual Salary Agreement and her Teacher's Initial Contract expired, and her salary and benefits were terminated.

In August, 1986, a position became available in the New Fairfield school system in the plaintiff's teaching field. The plaintiff and several other candidates were considered for the position, but the plaintiff was not hired. On August 29, 1986, after the plaintiff had been notified that she had not been selected for the position, she requested a hearing before the board regarding its decision not to rehire her for the 1986-1987 school year. The board denied her request on the ground that the plaintiff had only been entitled to such a hearing in March, 1986, when the board had voted not to renew her contract.

In May, 1987, the plaintiff began this suit in federal court alleging numerous causes of action, including the

[2] General Statutes § 31-51q provides in pertinent part: "Any employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution . . . shall be liable to such employee for damages caused by such discipline or discharge . . . ."

pendent state claim that she was dismissed from her teaching position for exercising her first amendment rights in violation of General Statutes § 31-51q. This claim was made against the named defendant and against the chairman of the New Fairfield board of education. In August, 1987, the plaintiff allowed the case to be dismissed without prejudice. In January, 1988, the plaintiff reinstituted her claim in state court, and the defendant had the case removed to federal court. The defendants then filed and were granted dismissal of all claims against the chairman, and dismissal of three counts against the named defendant.

In May, 1988, while the case was in federal court, the plaintiff filed discovery requests directed at the board. Later that month, the case was remanded back to state court after the federal court ordered that the plaintiff's 42 U.S.C. § 1983 claim be withdrawn with prejudice. The only remaining count was the claim based on wrongful discharge from employment in violation of General Statutes § 31-51q.

In August, 1988, the defendant filed a motion for summary judgment on the remaining count arguing that the plaintiff was not an "employee" within the meaning of General Statutes § 31-51q. Alternatively, the defendant argued that, even if the plaintiff was an employee, she had not been "discharged or disciplined" in retaliation for the exercise of her first amendment rights. In response, the plaintiff moved to strike or stay the motion for summary judgment pursuant to Practice Book § 231[3] because the defendant had never responded to her earlier discovery requests. The defendant filed a timely motion in opposition to the plaintiff's motion. In court, the defendant's counsel

---

[3] Practice Book § 231 provides in relevant part: "If any party has failed to answer interrogatories . . . the court may, on motion, make such order as the ends of justice require."

pointed out that Practice Book § 382[4] sets forth the proper procedure for opposing a motion for summary judgment and the plaintiff subsequently agreed. The court then continued the hearing on the motion for summary judgment until September 19, 1988, and ordered that the plaintiff's counsel file supporting affidavits and a brief in support of her motion to stay or strike by September 16. The plaintiff's counsel filed neither a brief in support of her motion nor affidavits by the specified date. The court then denied the plaintiff's motion.

The court considered the motion for summary judgment on September 26, 1988. On that day, the court was presented with the plaintiff's untimely memorandum in support of her motion to strike or stay, along with two untimely affidavits pursuant to Practice Book § 382 that were filed by the plaintiff and her attorney. These documents had been filed on September 23, 1988. The court treated these late documents as an opposition to the summary judgment since the plaintiff's motion to strike or stay the motion for summary judgment already had been denied.

The court denied the motion for summary judgment as to the ground that the plaintiff was not an employee, because the alleged ethics discussion had occurred while she was employed. The court then granted the motion for summary judgment determining that there were no genuine issues of material fact to support the plaintiff's claim that she had been discharged or disciplined in violation of General Statutes § 31-51q in August, 1986, based on her discussion in class of the ethics of a teacher's taking a bribe, and that the other two events

[4] Practice Book § 382 provides: "Should it appear from the affidavits of a party opposing the [summary judgment] motion that he cannot, for reasons stated, present facts essential to justify his opposition, the court may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or make such other order as is just."

did not come within the purview of the statute. In concluding that summary judgment should be granted, the court found that the defendant had met its burden because (1) the documents submitted by the defendant supported the defendant's claim that the plaintiff initially had been hired as a temporary replacement for another teacher, and (2) the defendant properly and timely advised the plaintiff that her contract would not be renewed and therefore her status as employee terminated on June 30.

The plaintiff's first claim of error is that the trial court abused its discretion when it denied her motion to strike or stay the motion for summary judgment. Specifically, the plaintiff asserts that she was unable to respond to the defendant's affidavits in support of its motion for summary judgment because of the defendant's failure to respond to her discovery requests, and that the trial court abused its discretion by not granting a continuance or denial of the defendant's motion for summary judgment for this reason.

In *Plouffe* v. *New York, N.H. & H.R. Co.*, 160 Conn. 482, 490, 280 A.2d 359 (1971), our Supreme Court determined that the trial court had abused its discretion when it refused to grant a reasonable continuance to allow the plaintiff to investigate the truth of the facts alleged in the defendant's affidavit and to research the legal issues in a personal injury action. In that case, the court adopted the following principle, derived from summary judgment under the federal rules of civil procedure: " 'Where, however, the party opposing summary judgment *timely* presents his affidavit under Rule 56 (f) stating reasons why he is presently unable to proffer evidentiary affidavits he directly and forthrightly invokes the trial court's discretion. Unless dilatory or lacking in merit, the motion should be liberally treated. Exercising a sound discretion, the trial court then determines whether the stated reasons are adequate.

And absent abuse of discretion, the trial court's determination will not be interfered with by the appellate court.' '' (Emphasis added.) Id.

Applying the principle set forth in *Plouffe* to the present case, a different result is clearly warranted. The record reveals that the plaintiff failed to provide a memorandum in support of her motion and failed to provide any explanatory affidavits pursuant to Practice Book § 382 in the time specified by the trial court. Unlike *Plouffe,* the plaintiff in the present case failed to comply with § 382 in a timely manner, and that lack of diligence is fatal to her claim. Because the plaintiff did not timely comply with the requirements of § 382, we cannot say that the trial court abused its discretion.

Even if the court's denial of the motion to strike or stay the summary judgment amounted to a denial of a request for discovery, as the plaintiff argues, the court did not abuse its discretion. "The granting or denial of a discovery request rests in the sound discretion of the court." *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 57, 459 A.2d 503 (1983). For the reasons set forth in the previous paragraph, the trial court did not abuse its discretion in denying the plaintiff's motion.

The plaintiff's next claim of error pertains to the trial court's granting of the summary judgment. The dispositive issue on appeal is whether there was a genuine issue of material fact as to when the plaintiff was terminated or discharged from her employment. The plaintiff asserts that the affidavits and the pleadings she submitted provided sufficient evidence for the creation of a genuine issue as to whether termination or discharge had occurred in August, rather than in June, and thus may have occurred because of a violation of General Statutes § 31-51q as alleged in her complaint.

"A summary judgment shall be rendered if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is thus entitled to judgment as a matter of law. Practice Book § 384; *Yanow* v. *Teal Industries, Inc.* 178 Conn. 262, 268, 422 A.2d 311 (1979)." *Telesco* v. *Telesco,* 187 Conn. 715, 718, 447 A.2d 752 (1982); see also *Nolan* v. *Borkowski,* 206 Conn. 495, 500, 538 A.2d 1031 (1988). Our Supreme Court has stated that the genuine issue aspect of summary judgment "requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. Note, 48 Colum. L. Rev. 780, 781; see *Dewey* v. *Clark,* 180 F.2d 766, 772 (D.C. Cir. [1950]); *Whitaker* v. *Coleman,* 115 F.2d 305, 306, 307 (5th Cir. [1940])." *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 378–79, 260 A.2d 596 (1969). "The test of the requirement for the granting of a summary judgment that the moving party be entitled to judgment as a matter of law is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. . . . In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. *Vuono* v. *Eldred,* 155 Conn. 704, 705, 236 A.2d 470 [1967]; *Engengro* v. *New Haven Gas Co.,* 152 Conn. 513, 516, 209 A.2d 174." (Citations omitted.) *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 380.

Applying those principles and that test to the pleadings, affidavits, and exhibits in the present case, we agree with the trial court's finding that no genuine issue existed as to when the plaintiff's employment was ter-

minated. The defendant presented substantial evidence that the employment contract ran until June 30 and was continued for the next school year only if no notice was sent before April 1. The defendant demonstrated with proper evidence that notice of the nonrenewal of the plaintiff's contract was given in a timely manner, and that the plaintiff did not timely appeal the non-renewal. The defendant thus met its burden of showing the nonexistence of a genuine issue regarding the date of the plaintiff's termination. See *State* v. *Goggin,* 208 Conn. 606, 615, 546 A.2d 250 (1988).

The plaintiff attempted to show that the June termination was rescinded when she was reconsidered for a position after June and that she was subsequently terminated or discharged in August allegedly because of the "blackballing" that was based on a misinterpreted ethics discussion, or the refusal to accept a late term paper which resulted in a failing grade. The plaintiff's evidence is insufficient. The hearsay statements that the plaintiff offered in an attempt to show that the termination occurred in August are inadmissible evidence pursuant to Practice Book § 381. That section provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence . . . ." The remaining admissible evidence regarding the date of the termination is composed of " '[m]ere assertions of fact . . . [that] are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380.' " *State* v. *Goggin,* supra, 616, quoting *Burns* v. *Hartford Hospital,* 192 Conn. 451, 455, 472 A.2d 1257 (1984).

Because the plaintiff was not employed in August, she cannot claim that she was discharged at that time in violation of General Statutes § 31-51q. In view of this conclusion, we need not reach the issue of whether any

one of the plaintiff's three allegations were actionable as a violation of General Statutes § 31-51q. The trial court properly concluded that no genuine issue existed as to the date of the termination or discharge and, accordingly, summary judgment was properly granted.

There is no error.

In this opinion the other judges concurred.