The plaintiff, Vincenza Molnar, filed a two-count complaint on April 27, 1989, seeking to recover for injuries sustained due to the alleged negligence of the defendants, George Phelan and Mary Keeling, in the operation of their motor vehicles. The plaintiff also names Huttig Sash Door, d/b/a Weather Shield of Connecticut ("Huttig"), the owner of the vehicle operated by Phelan, as a defendant. CT Page 5725
The plaintiff alleges that on June 24, 1987, she was stopped at a red light, and defendant Keeling's vehicle was stopped immediately behind her vehicle. Then, defendant Phelan, who was approaching the stopped cars, caused his vehicle to crash into the rear of Keeling's vehicle, which then crashed into the rear of the plaintiff's vehicle, resulting in injury to the plaintiff. The plaintiff also alleges that at the time of the collision, Phelan was acting within the scope of his employment with Huttig, and was operating Huttig's vehicle with his consent.
The first count of the plaintiff's complaint alleges that Phelan was negligent because:
 (1) he "followed too closely in violation of" General Statutes judgment 14-240(a);
 (2) he "operated his motor vehicle recklessly having regard to the width, traffic and use of said highway . . . in violation of" General Statutes 14-222;
 (3) he "operated his motor vehicle at an excessive and unreasonable rate of speed . . . in violation of" General Statutes 14-218a;
(4) he failed to keep his vehicle under control;
 (5) he "was inattentive and failed to keep a proper look out;" and
(6) he "failed to properly and reasonably apply the brakes . . . .
 The second count of the complaint alleges negligence on the part of defendant Keeling in that she:
(1) followed too closely;
 (2) failed to avoid colliding with the plaintiff "when in the exercise of due care she could have done so;"
(3) failed to control her vehicle; and
(4) failed to properly apply her brakes.
The plaintiff has now filed a motion for summary judgment (#126) on the issue of the liability of defendants Phelan and Huttig, including excerpts of Phelan's deposition, excerpts from the plaintiff's deposition, Phelan's answer, Phelan's accident report, and a police accident report. The defendants oppose summary and filed affidavits in opposition thereto. CT Page 5726
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644, 650,594 A.2d 952 (1991). "The genuine issue aspect of summary judgment requires the parties to bring forward before trial evidentiary facts or substantial evidence outside the pleadings, from which the material facts in the pleadings can warrantably be inferred." (Citations omitted). Sheridan v. Board of Education, 20 Conn. App. 231,239, 565 A.2d 882 (1989). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 111, 491 A.2d 368 (1985). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143,148, 574 A.2d 1298 (1990).
In support of her motion for summary judgment, the plaintiff argues that no genuine issues of material fact exist as to Phelan's negligence because Phelan admitted that he "did not observe the vehicles in front of his vehicle" prior to the collision and failed to stop in time. In response, Phelan argues that genuine issues of material fact exist regarding his alleged negligence and Keeling's alleged negligence.
Phelan's statement that he "did not observe the vehicles in front of his vehicle" appears in a police officer's accident report. Except for that portion of a police officer's accident report which contains the officer's personal observations, any unsworn statements recorded by the officer are not admissible against the nonmovant because of the hearsay rule. Fogarty v. Rashaw,193 Conn. 442, 444, 476 A.2d 582 (1984). Thus, the police report, which contains Phelan's statement, and which does not contain the officer's personal observations, is not admissible against Phelan.
In his affidavit opposing the plaintiff's motion for summary judgment, Phelan states that the vehicle in front of him, operated by defendant Keeling and travelling at "the same rate of speed" as his vehicle, "stopped abruptly." Phelan also states that he was "unable to stop as quickly" as Keeling, and that he "attempted to avoid striking the Keeling vehicle as soon as [he] realized she had stopped, by braking the vehicle at an angle away from her car." The plaintiff failed to submit an affidavit, and only submits her complaint and a sworn deposition in which she states only that she was stopped at a red light and that she could not recall whether Keeling's vehicle was stopped or in motion just prior to CT Page 5727 the collision. Thus, the plaintiff's failure to controvert, by affidavit or otherwise, any of the facts set forth in Phelan's affidavit entitles the court to rely upon those facts as stated in deciding the motion for summary judgment. See Fogarty v. Rashaw, supra, 444-45, and Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11-12, 459 A.2d 115 (1983). Phelan's affidavit raises a genuine issue of material fact regarding Keeling's possible negligence in operating her vehicle, and the plaintiff's failure to controvert the facts set forth in Phelan's affidavit leaves this genuine issue of material fact unresolved. Therefore, the plaintiff's motion for summary judgment is denied.