[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT MARIA TORRADO'S MOTION FOR SUMMARY JUDGMENT
Before the court is the defendant Maria Torrado's Motion For Summary Judgment addressed to the Second Count of the complaint. In that count it is alleged by the Plaintiff Aetna that the defendant, Manuel Torrado, transferred his real estate to the defendant Maria Torrado for no or inadequate consideration, with the intent of avoiding any obligation owed to the plaintiff and that the defendant Maria Torrado knew that Manuel Torrado was or CT Page 11610 would be indebted to the plaintiff and in accepting the deed knowingly aided and conspired with Manuel Torrado for the purposes of avoiding Manuel's debt to the plaintiff Aetna. The complaint alleges that after the conveyance the defendant Manuel Torrado was left without sufficient means to satisfy any debt due and owing. Because the defendant Maria Torrado has satisfied this court that there is no material issue of fact and that she is entitled to judgment as a matter of law, summary judgment in her favor is granted.
Procedurally, the recital which follows sets forth the pertinent history of the case. On August 25, 1989, the plaintiff filed an application for the prejudgment remedy of attachment on the defendants' residence located at 28 Sampson Avenue in Milford, Connecticut. To support the right to attach, the plaintiff submitted an affidavit dated August 8, 1989, by Kimberly Fortin, an employee of the plaintiff. Fortin swore that it was "discovered that the defendant, Manuel Torrado, had appropriated collection funds due to the plaintiff . . . from its customers and said defendant was depositing said funds into his personal bank account." (Affidavit dated August 8, 1989). She further stated that she "reviewed the proof of loss submitted by [the defendant's employer], the canceled checks submitted as proof of loss, and the affidavit of [the defendant's employer] attesting that the defendant, Manuel Torrado, had no authority to endorse and cash said checks." (Affidavit dated August 8, 1989). Attachment was granted by the court, Mancini, J., on August 6, 1989. After a default was entered against Manuel only, the plaintiff filed a motion for partial judgment as against the defendant Manuel Torrado only. In that motion the plaintiff stated that "[i]n support of this motion is the affidavit of debt of Kimberly Fortin dated July 11, 1990. . . ." (Motion for partial judgment as against the defendant Manuel Torrado only, p. 1). Kimberly Fortin's affidavit dated July 11, 1990 contains the same allegations stated above in her affidavit dated August 8, 1989. She states that she "reviewed the proof of loss submitted by [the defendant's employer], the canceled checks submitted as documentation of the loss, and the affidavit of [the defendant's employer] attesting that the defendant, Manuel Torrado, had no authority to endorse and cash said checks." (Affidavit dated July 11, 1990). A money judgment was granted based on that affidavit by the court, Meadow, J., on September 24, 1990 against Manuel Torrado. On November 9, 1989, the defendant, Maria Torrado, filed a request for disclosure and production in which she requested "copies of canceled checks which were allegedly endorsed by the defendant, Manuel Torrado." CT Page 11611 (Request for Production, No. 3). The earliest check produced is dated May 30, 1983. (Motion for Summary Judgment, Exhibit A). On February 14, 1991, the defendant, Maria Torrado, filed a request to revise asking the court to require the plaintiff to amend its complaint by stating the date that the wrongful conversion commenced. The plaintiff filed an objection to the defendant's request to revise which was overruled by the court, Fuller, J., on March 25, 1991. As a result, the plaintiff filed an amended complaint on May 16, 1991. Paragraph five of the amended complaint was changed to read "[f]rom 1981 until at least August 11, 1983, the defendant, Manual Torrado, did wrongfully and without authority convert said collected funds to his own use." (Amended Complaint, para. 5). The remainder of the amended complaint is the same as the original complaint.
The defendant, Maria Torrado, then filed the Motion for Summary Judgment now before the court on the ground that the plaintiff has alleged a fact situation that according to its own disclosure it cannot prove. Specifically, Maria Torrado argues that the plaintiff's revised complaint which alleges that "from 1981 until at least August 11, 1983, the defendant, Manuel Torrado, did wrongfully and without authority convert said collected funds to his own use," conflicts with the plaintiff's disclosure of alleged forged checks because the earliest check is dated May 30, 1983. As a result, the defendant, Maria Torrado, argues that the plaintiff has not and cannot prove that any fraudulent conduct took place during 1981. Therefore, the defendant, Maria Torrado, argues that the alleged fraudulent transfer of property from the defendant, Manuel Torrado, to defendant, Maria Torrado, which occurred on March 5, 1981 is unfounded since the transfer took place in an excess of two years before the first forged check was taken by her husband.
The motion for summary judgment was argued before the court Flynn, J., on December 7, 1992, after the pleadings had closed. Even though the pleadings were not technically closed before the defendant filed her motion for summary judgment, this is not fatal and the court may consider the motion for summary judgment on it merits. Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1,4-5, 513 A.2d 1218 (1986).
The plaintiff's complaint, the affidavits by Kimberly Fortin filed by the plaintiff, and the plaintiff's response to the defendant's request for production all make it clear that the plaintiff's cause of action is based on the checks forged by the CT Page 11612 defendant, Manuel Torrado.
In the original complaint, the plaintiff alleges that "[o]n or prior to August 11, 1983, the defendant, Manuel Torrado did wrongfully and without authority convert said collected funds to his own use." (Complaint, para. 5). In Kimberly Fortin's affidavits dated August 8, 1989 and July 11, 1990, filed in support of the plaintiff's motion for attachment and motion for partial judgment against the defendant, Manuel Torrado, she states that she "reviewed the proof of loss submitted by [defendant's employer], the canceled checks submitted as documentation of the loss, and the affidavit of [the defendant's employer] attesting that the defendant, Manuel Torrado, had no authority to endorse and cash said checks." In addition, upon the defendant Maria Torrado's request, the plaintiff produced copies of all the canceled checks which were allegedly endorsed by the defendant, Manuel Torrado. Upon review of the plaintiff's foregoing pleading, motions and production, it is clear that the plaintiff's cause of action is based on the alleged forged checks. The plaintiff has alleged facts in its revised complaint that contradict its previous disclosure. In its original complaint, the plaintiff alleged that "[o]n or prior to August 11, 1983, the defendant, Manuel Torrado, did wrongfully and without authority convert said collected funds to his own use." (Complaint, para. 5). In its amended complaint, the plaintiff alleges that "[f]rom 1981 until at least August 11, 1983, the defendant, Manuel Torrado, did wrongfully and without authority convert said collected funds to his own use." (Amended Complaint, para. 5). Upon the defendant's request, the plaintiff has produced copies of all the canceled checks which were allegedly endorsed by the defendant, Manuel Torrado. (Request for Production, No. 3). The earliest check produced is dated May 30, 1983. (Motion for Summary Judgment, Exhibit A). Since the basis of the plaintiff's claim is the forged checks, and the earliest check is May 30, 1983, the plaintiff's allegation that the conversion took place since 1981 cannot be founded on these checks. Consequently, the plaintiff's allegation that the transfer of property from the defendant, Manuel Torrado to the defendant, Maria Torrado, is fraudulent is unfounded since the transfer of title to her took place in excess of two years before the first alleged forged check.
Summary judgment is a method of resolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice CT Page 11613 Book 384; Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991); Farmington v. Dowling, 26 Conn. App. 545, 548-49, 602 A.2d 1049 (1992). "[T]he genuine issue aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts in the pleadings can warrantably be inferred." (Citations omitted.) Sheridan v. Board of Education, 20 Conn. App. 231, 239,565 A.2d 882 (1989). "Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." Mingachos v. CBS, Inc., 196 Conn. 91,111, 491 A.2d 368 (1985). "To oppose a motion for summary judgment successfully the nonmovant must recite specific facts . . . which contradict those stated in the movant's . . . documents." Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143,148, 574 A.2d 1298 (1990), quoting State v. Goggin, 208 Conn. 606,616-17, 546 A.2d 250 (1988).
Defendant, Maria Torrado, has submitted sufficient facts to support her motion for summary judgment. The defendant relies on the contradiction between the allegations in the plaintiff's revised complaint and the plaintiff's previous disclosure of the canceled checks. (Motion for Summary Judgment, para. 9). The defendant has attached a copy of the first alleged forged check dated May 30, 1983 as Exhibit "A". Practice Book 380 states that "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." (Emphasis added). The defendant's reliance on the plaintiff's previous disclosure of cancelled checks is an appropriate document to support her motion for summary judgment. However, the plaintiff has failed to properly contradict those facts stated in the defendant's motion for summary judgment. In support of its objection to the motion for summary judgment, the plaintiff has attached a list of open accounts receivable for the week ending August 11, 1983 and states that "said listing includes numerous `shorts' from 1981, 1982, and 1983." (Memorandum of Law in Opposition to Motion for Summary Judgment, p. 2 and Exhibit 1 attached). The plaintiff's attached listing of open accounts receivable does not support the plaintiff's objection for the following reasons. First, the listing does not contain "numerous `shorts' from 1981 . . ." as the plaintiff states. In fact, there are only two listed dates in 1981, October 8, 1981 and October 23, 1981, neither of which show any indication of a `short'. Second, the attachment is not under oath and does not conform to section CT Page 11614 380 or 381 of the Practice Book. The plaintiff's attached listing of accounts receivable is not an affidavit, a certified transcript of testimony under oath, disclosures or written admissions. See Practice Book 380, 381. Third, the listing does not sufficiently contradict the defendant's claim that the earliest canceled check was dated May 30, 1983. The plaintiff's exhibit is simply a listing of the defendant Manuel Torrado's employer's "shorts". No facts are sufficiently alleged by way of counter affidavit which would connect that listing with the defendant, Manuel Torrado. Fourth, at short calendar on December 7, 1992, the plaintiff argued that the alleged "wrongful conversion of said collected funds" by the defendant, Manuel Torrado, could be based on evidence other than the alleged forged checks, which evidence or other events may have occurred in 1981. The plaintiff's mere allegation that there may be additional evidence to support its claim is not sufficient to oppose the defendant's motion for summary judgment. "To oppose a motion for summary judgment successfully the nonmovant must recite specific facts . . . which contradict those stated in the movant's . . . documents." Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148,574 A.2d 1298 (1990), quoting State v. Goggin, 208 Conn. 606,616-17, 546 A.2d 250 (1988). Fifth, our case law makes it clear that property fraudulently conveyed may, as to creditors of the grantor, be treated as if no conveyance had been made, provided proper proceedings are taken to appropriate the property to the satisfaction of the grantor's debts. Murphy v. Dantowitz,142 Conn. 320. In this case the grantor on the deed was Manuel Torrado and the affidavit in support of the plaintiff's successful motion for judgment upon default against him makes it clear that his debt is derived from his embezzlement of checks written in 1983 almost two years after the date of his conveyance to his wife in 1981. As a result of the judgment of the court based on the plaintiff's own affidavit there has been a judicial determination of the source of Mr. Manuel Torrado's debt to the plaintiff Aetna which makes it chronologically impossible for that 1983 debt to be satisfied out of the property Maria acquired in 1981.
For all these reasons summary judgment is granted as to count two in favor of the defendant and against the plaintiff.
Flynn, J. CT Page 11615