[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT CT Page 1362
The plaintiff, Vincent Esposito, brings this action on behalf of his minor son, Vincent L. Esposito, against the defendants, City of Shelton and Shelton Parks and Recreation Commission, for injuries his son sustained while playing soccer at East Village Park and Recreation. The plaintiff alleges in his second revised complaint, dated May 19, 1989, that East Village Park and Recreation is owned and maintained by the City of Shelton and the defendant, City of Shelton, constructed soccer field goal posts to the specifications of the defendant, Shelton Parks and Recreation Commission. The plaintiff further alleges that the minor plaintiff fell and struck his chin and neck against the metal hooks protruding from the goal posts in the soccer field while playing at said park. These allegations are incorporated in the following four counts.
In the first count, the plaintiff alleges that the defendant, City of Shelton, was negligent in the construction and maintenance of said soccer goal post. In the second and third counts against the defendant, City of Shelton, the plaintiff alleges that said soccer goal post constituted a nuisance. In the fourth count against the defendants, City of Shelton and Shelton Parks and Recreation Commission, the plaintiff alleges that "the City of Shelton, a municipal corporation, acting in and through the Shelton Parks and Recreation Commission, is liable absolutely as it created an inherently dangerous condition" in regards to said soccer goal post. Counts five and six are directed against defendants not related to the motion currently before this court.
On February 6, 1992, the defendants, City of Shelton and Shelton Parks and Recreation Commission, filed their amended answer and special defenses to the plaintiff's second revised complaint. On March 16, 1992, the plaintiff replied to the defendant City of Shelton's special defenses, thereby closing the pleadings as to the City of Shelton only. On March 26, 1992, the defendants, City of Shelton and Shelton Parks and Recreation Commission, filed a motion for summary judgment on all counts addressed to them (hereinafter "the first motion for summary judgment"). On June 24, 1992, this court, considered the defendants' first motion for summary judgment as to the defendant City of Shelton only because the pleadings were CT Page 1363 still open as the defendant Shelton Parks and Recreation Commission. The defendants' first motion for summary judgment was granted as to counts one, two, and three on the grounds that the City of Shelton is immune from liability pursuant to the recreational land use statute, General Statutes 52-577f, et seq. As to count four, the motion was denied because it sounded in strict liability and "the recreational land use statute, General Statutes 52-577f, et seq., does not provide immunity from liability for claims sounding in strict liability." (Memorandum of Decision dated June 24, 1992).
On July 26, 1992, the plaintiff filed a reply to the defendant Shelton Parks and Recreation Commission's special defenses, thereby closing the pleadings as to the defendant Shelton Parks and Recreation Commission. On August 14, 1992, the defendant Shelton Parks and Recreation Commission, filed a second motion for summary judgment requesting that "summary judgment enter in its favor on the First through Third counts in accordance with the court's previous ruling." Since the first through third counts of the plaintiff's second revised complaint allege liability as to the City of Shelton only, this court needs only to address the defendant's motion for summary judgment to the plaintiff's fourth count.
Summary judgment is a method of revolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991); Farmington v. Dowling, 26 Conn. App. 545, 548-49, 602 A.2d 1049 (1992). "[T]he genuine issue aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts in the pleadings can warrantably be inferred." (Citations omitted). Sheridan v. Board of Education, 20 Conn. App. 231, 239,565 A.2d 882 (1989). "Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." Mingachos v. CBS, Inc., 196 Conn. 91,111, 491 A.2d 368 (1985). "To oppose a motion for summary judgment successfully the nonmovant must recite specific facts . . . which contradict those stated in the movant's documents." Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143,148, 574 A.2d 1298 (1990), quoting State v. Goggin, 208 Conn. 606,616-17, 546 A.2d 250 (1988). CT Page 1364
In the memorandum of law in opposition to the defendant Shelton Parks and Recreation Commission's second motion for summary judgment, the plaintiff incorporates by reference its memorandum in opposition to the defendant's first motion for summary judgment dated April 20, 1992. The plaintiff requests that the court deny the second motion for summary judgment in accordance with the decision issued by this court dated June 24, 1992, on the first motion for summary judgment. The plaintiff states that "this court should not act in an appellate capacity and overturn its decision as to Count Four." (Memorandum in opposition to motion for summary judgment dated August 26, 1992).
In the first motion for summary judgment, the defendants argued only that they are immune from liability pursuant to the recreational land use statute and they never specifically addressed the plaintiff's fourth count sounding in strict liability. In the second motion for summary judgment, the defendant specifically addresses the plaintiff's fourth count sounding in strict liability and argues grounds which were not present in the first motion for summary judgment. As a result, this court may address the defendant's new grounds and may order a decision based on those grounds, even if the decision is contrary to its decision on the first motion for summary judgment.
In the memorandum in support of the second motion for summary judgment, the defendant, Shelton Parks and Recreation Commission, argues that summary judgment should enter in its favor on the fourth count, sounding in strict liability, on the ground that the maintenance of a soccer goal post is not an inherently dangerous activity as a matter of law and therefore there is no genuine issue as to any material fact. In support of its motion, the defendant submits an affidavit and deposition of Victor P. Cook, Jr., the Director of the Parks and Recreation for the City of Shelton. IN the affidavit the director states that he has been the director for the past 22 years and in the deposition the director explains that hooks on the subject soccer goal are used to hold up nets and that to his knowledge the plaintiff is the only one ever to have been injured by the hooks since the park opened in 1980. (Memorandum in support of the motion for summary judgment, Exhibit A).
The defendant also submits the deposition of the minor plaintiff in which the minor testified that he climbed up onto the goal post and he knew that other players had been told not to climb the goal posts because it could cause a fall. (Memorandum in CT Page 1365 support of the motion for summary judgment, Exhibit B). The minor plaintiff further testified that just prior to his fall, he had one foot on the hook and the accident occurred when he attempted to step down from the hook and his cleats slipped.
Whether an activity is abnormal, intrinsically or inherently dangerous is a question of law for the court. Green v. Ensign Bickford Co., 25 Conn. App. 479, 485, 595 A.2d 1383 (1991). The doctrine of strict or absolute liability is only to be imposed in narrow circumstances and has traditionally been applied in cases involving blasting and explosives. Id. "Connecticut's sole extension beyond blasting cases is to damages from a concussion resulting from pile driving." Id. In Caporale v. C.W. Blakeslee 
Sons, Inc., 149 Conn. 79, 85, 175 A.2d 561 (1961), the court stated:
 To impose liability without fault, certain factors must be present: an instrumentality capable of producing harm; circumstances and conditions in its use which, irrespective of a lawful purpose or due care, involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous to the person or property of others; and a causal relation between the activity and the injury for which damages are claimed.
It is found that use of hooks on a goal post to hold up the soccer goal nets is not "an instrumentality capable of producing harm . . . irrespective of a lawful purpose or due care . . ." nor does it involve such "a risk of probable injury to such a degree that the [it] fairly can be said to be intrinsically dangerous." Accordingly, it is found that the defendant Shelton Parks and Recreation Commission's motion for summary judgment should be granted and is granted.
McGRATH, J.