[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On May 19, 1992, the plaintiff, First Constitution Bank, commenced a foreclosure action against the defendant, Thomas Flanders, alleging that the defendant had defaulted on a mortgage note secured by his residence. CT Page 3108
On December 31, 1992, the plaintiff filed a motion to substitute the Federal Deposit Insurance Corporation, the receiver for First Constitution Bank, as the party plaintiff. Federal Deposit Insurance Corporation was substituted as the real party in interest by this court on January 19, 1993.
On January 12, 1993, the defendant filed an answer together with a special defense. In the special defense, the defendant alleges the "[t]he plaintiff herein is not entitled to foreclosure of the subject mortgage as it has either waived its right to seek foreclosure or is equitably estopped from seeking a foreclosure as the plaintiff refused payments by the defendant, Thomas Flanders, with respect to said mortgage which payments were made in an effort to bring same current."
On February 3, 1993, the plaintiff filed a motion for summary judgment on the issue of liability alone. The plaintiff argues that there is no genuine issue as to any material fact as to liability. In support of this motion, the plaintiff has attached the mortgage note, the mortgage deed, and an affidavit of Margherita Clark.
On February 19, 1993, the defendant filed an objection to the plaintiff's motion for summary judgment together with an affidavit of the defendant, Thomas Flanders. The defendant argues that the plaintiff's affidavit does not meet the standard required by Practice Book 381 and therefore the plaintiff's motion for summary judgment should be denied.
Summary judgment is a method of resolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991); Farmington v. Dowling, 26 Conn. App. 545, 548-49, 602 A.2d 1049 (1992). "[T]he genuine issue aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts in the pleadings can warrantably be inferred." (Citations omitted.) Meriden v. Board of Education, 20 Conn. App. 231, 239, 565 A.2d 882
(1989). "Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." Mingachos v. CBS, Inc., 196 Conn. 91,111, 491 A.2d 368 (1985). "To oppose a motion for summary judgment successfully the nonmovant must recite specific facts. . .which CT Page 3109 contradict those stated in the movant's. . .documents." Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148,574 A.2d 1298 (1990), quoting State v. Goggin, 208 Conn. 606, 616-17,546 A.2d 250 (1988).
In the motion for summary judgment, the plaintiff claims that there is no genuine issue as to any material fact regarding liability. In support of this motion, the plaintiff has filed a copy of the mortgage and note and an affidavit by Margherita Clark. In the affidavit, Margherita Clark states that the defendant executed a note to the plaintiff in the amount of $115,000.00 with initial interest rate of 10.5% which was secured by premises known as 78 Corona Drive, Milford, Connecticut. The affidavit also states that:
 [o]n July 13, 1992, a request was made whereby the defendant, Thomas Flanders, requested that a plan for reinstatement of his mortgage be approved by the Bank, a copy of said request is attached and marked Exhibit C. After review, the Bank refused to approve of the payment plan as offered by the defendant and required the mortgage arrearage to be paid in full as required by the mortgage deed. At the time the defendant was in arrears approximately $8,100.00 and the payments were delinquent since June 1, 1992.
Exhibit C, the copy of the defendant's request to reinstate the mortgage, is not attached.
The plaintiff argues that the main thrust of the defendant's special defense is that the plaintiff cannot foreclose the mortgage because it did not accept defendant's offer of periodic payments to reinstate the mortgage. The plaintiff argues that the defendant did not offer to pay all sums due on the mortgage as required by paragraph 18 of the mortgage deed.
The court cannot decide this issue based upon the subject summary judgment motion because the defendant's request to reinstate the mortgage is not attached. Without the defendant's offer to reinstate the mortgage, the court cannot determine if the offer was in accordance with requirements of paragraph 18 of the mortgage deed. Without a determination of validity of the defendant's offer, the court is unable to establish whether the defendant's special defense has any merit. CT Page 3110
In addition, the defendant has submitted an affidavit which contradicts the facts stated in the plaintiff's affidavit. In support of the opposition to the plaintiff's motion for summary judgment, the defendant has filed an affidavit by the defendant, Thomas Flanders. Thomas Flanders states that:
 [p]rior to April 16, 1992, I contacted the Mortgage Serving Department of First Constitution Bank and I sent a mortgage payment to that Bank. The Bank cashed the checks but approximately one month later returned a check to me for the same amount as my check.
The defendant has attached copies of two canceled checks, both dated April 6, 1992 and both in the amount of $1,224.34. The copies of the two returned checks is evidence of the fact that the defendant offered to reinstate the mortgage and the plaintiff eventually refused that offer. Nevertheless, there is insufficient evidence to determine whether that offer was in accordance with paragraph 18 of the mortgage deed and whether it was wrongfully refused by the plaintiff. However, since there is conflicting facts in the affidavits regarding the plaintiff's offer to reinstate the mortgage, this is a genuine issue of material fact, and therefore the motion for summary judgment should be denied.
The court also notes that the plaintiff's affidavit of Margherita Clark contradicts that which the plaintiff alleged in its complaint. In its complaint dated May 5, 1992, the plaintiff alleges that the defendant "failed. . .to pay the installment. . .due on. . .January 1, 1992 and on the first day of each month respectively thereafter. . .up to the date of [the] writ. The plaintiff further alleges that "the entire principal sum. . . amounting to $112,815.11 is due the plaintiff and remains wholly unpaid, together with interest from December 1, 1991. . . ." However, in the plaintiff's affidavit of Margherita Clark, she states that "[O]n July 13, 1992]. . .the defendant was in arrears approximately $8,100.00, and the payments were delinquent since June 1, 1992."
In the opposition to the motion for summary judgment, the defendant argues that the plaintiff's affidavit of Margherita Clark is defective under section 381 of the Practice Book because the affidavit does not state Ms. Clark's relationship with the plaintiff. Practice Book section 381 states that "[s]upporting affidavits. . .shall show affirmatively that the affiant is competent to testify to the matters stated therein." In support of this objection, the defendant has filed the affidavit of the defendant, CT Page 3111 Thomas Flanders, which states that he never spoke with, or wrote to Margherita Clark in connection with this matter. He also states that he has never been informed by the plaintiff that Ms. Clark was an employee.
The defendant's argument that the affidavit of Margherita Clark is defective because it does not state that she was employed by the plaintiff is without merit. In the affidavit, Ms. Clark states that "she is a mortgage supervisor in the mortgage collection department and handles the Flanders account." This statement meets the requirements of 381 of the Practice Book because it establishes "affirmatively that the affiant is competent to testify to the matters stated therein." See Practice Book 381.
The facts regarding the defendant's offer to reinstate the mortgage conflict in the plaintiff's and defendant's affidavits. Since the actual offer was not filed, this court cannot determine whether the offer was in accordance with paragraph 18 of the mortgage deed. As a result, there is a genuine issue of material fact as to whether the plaintiff wrongfully refused the defendant's offer to bring the mortgage current. The plaintiff's motion for summary judgment is denied.
The Court
CURRAN, J.
[EDITORS' NOTE: CT Page 3112 to 3115 are blank.] CT Page 3116