[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Connellv. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990). A directed verdict may be rendered only "where, on the evidence viewed in the light most favorable to the non-movant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict directed." Sheridan v. Board ofEducation, 20 Conn. App. 231, 239, 565 A.2d 882 (1989).
The declaration of the condominium association, filed with the town's land records pursuant to General Statutes § 47-220, CT Page 5579 binds the subsequent owners of the condominium unit to the restrictions contained in the condominium declaration. SeeWilcox v. Willard Shopping Center Associates, 208 Conn. 318,326-27, 544 A.2d 1207 (1988); see also W. Hartford Interfaith v.Town Council, 7 CSCR 1085, 1088 (August 26, 1992, Berger, J.) The plaintiff has not submitted a copy of the declaration. The plaintiff, however, has alleged and the defendants have admitted that the declaration prohibits structural changes to the condominium without written consent of the association. As the plaintiff notes, the defendants admit that they installed structural supports and electrical and plumbing equipment to the deck in order to install the hot tub, and that this was done without the written consent of the board.
The defendants argue in opposition to summary judgment that the structural changes made to the deck were made with the permission of the developer of the condominium complex several years prior to the installation of the hot tub, and that the structural additions to the deck were made in order to correct a structural deficiency in the foundation of the new portion of the deck. The defendants also argue that the hot tub is personal property akin to patio furniture or portable gas grills, which are commonly found on Far View condominium decks.
The defendants have attached to their memorandum in opposition to summary judgment an affidavit, wherein Mr. Gyenizs avers that the developer allowed him to extend the deck at his own expense and that following its installation, the deck began to sag and additional structural supports were installed to repair the sagging. The defendant also avers that following the structural additions to the deck, he installed a hot tub on the deck, which he avers is not permanently attached to the deck. The defendant avers that no plumbing modifications were necessary, that the tub is filled with a garden hose, that the water is heated by a heater built into the tub, and that the heater is powered by a line running under the deck that was connected to the defendants' meter box in accordance with applicable electrical codes. The defendant also attaches a proposed declaration amendment which would allow unit owners to expand the decks of their units with their own funds. The amendment also provides for a reallocation of the common area of the association to limited common areas to accommodate the expansion of the decks. However, the defendants offer no evidence that this amendment was ever adopted by the condominium association. CT Page 5580
The plaintiff seeks the removal of the hot tub, as well as the structural changes to the deck. In order to be in violation of the provisions of the declaration relied on by the plaintiff in its complaint and motion for summary judgment, the hot tub would have to be a structural addition. Although the defendant admittedly made structural changes to the deck without the written consent of the board, the plaintiff has not shown or offered any argument that the installation of the hot tub is a structural addition, as defined by the declaration. Therefore a genuine issue of material fact exists as to whether the installation of the hot tub is a structural addition to the condominium which requires the written consent of the board. Therefore, the motion for summary judgment is denied.
/s/ Sylvester, J. __________________ SYLVESTER