[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
In this action the plaintiff seeks to recover unpaid taxes which it claims were the responsibility of the defendant pursuant to the written lease between the parties. Presently before the court is plaintiff's motion for summary judgment.
The relevant facts are not disputed. The plaintiff, Statewide, Parking Services, Inc., was appointed receiver of 240 CT Page 6932-A Church Street by the Superior Court in the matter of FDIC asReceiver of Suffield Bank v. 240 Church Street Associates,
CV 91-0399430S, J.D. at Hartford. The plaintiff has been authorized by the appointing Court to collect rents and enforce leases on the subject property. It brings this action to collect unpaid real estate taxes that it alleges Laz is obligated to pay under a now expired lease between Laz and 240 Church Street Associates.
Paragraph 7 of the lease states that "Tenant shall, at its sole cost and expense, be responsible to pay any and all property taxes assessed on the Demised Premises." The defendant's second special defense, which forms the basis of its objection to summary judgment, alleges that paragraph seven requires it to pay only those taxes assessed in 1987 when the lease was signed, and not and subsequent increase in taxes. In 1987 the assessment totalled approximately $6,100; in 1990 it exceeded $50,000. The defendant admits that it has failed to all taxes in excess of the $6,100 it claims is its obligation.
In its motion for summary judgment the plaintiff asserts that paragraph 7 of the lease is clear on its face, obligating the CT Page 6932-B tenant to pay all taxes, including increases subsequent to the inception of the lease. It argues, therefore that it is entitled to judgment as a matter of law.
The standards for evaluating a motion for summary judgment are familiar. Pursuant to C.P.B. § 384, a party shall be entitle to summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Although the moving party bears the burden of showing the nonexistence of any issue of material fact, the opposing party must substantiate its adverse claim by showing the existence of a genuine issue of material fact, together with the evidence establishing such an issue. Strada v. Connecticut Newspapers, 193 Conn. 313 (1984). Mere arguments or assertions of material fact are not sufficient.Sheridan v. Board of Education, 20 Conn. App. 231 (1989).
As previously noted, the principal issue in this matter is the meaning of paragraph 7 of the lease which requires the "tenant to pay any and all property taxes assessed on the Demised CT Page 6932-C Premises." In construing that clause this court is guided by well established principles of contract construction. "In determining the scope of a contract, `[t]he plain, clear language of the contract must be afforded its logical effect. The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties, and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used. As we have stated, in situations in which the parties have their agreement in writing, their intention is to be determined from its language and not on the basis of any intention which it may have secretly entertained.'" Spicer v. Spicer, 33 Conn. App. 152,157-58 (1993) (internal quotations and citations omitted). Clear and unambiguous language in a contract is to be given effect according to its plain meaning, without reference to extrinsic evidence. Aetna Cas. Surety Co. v. CNA Ins. Co., 221 Conn. 779,786 (1979).
Defendant's objection to plaintiff's motion for summary judgment is based on two overlapping claims. The first is that CT Page 6932-D the language of paragraph 7 — Tenant shall pay and any all property taxes assessed on the Demised Premises — is ambiguous and thus subject to clarification by parol evidence. The second is that the intent of the parties was to require the tenant to pay only the amount of taxes assessed at the time the parties entered into the lease agreement.
The defendant's argument fails for two reasons. First, it has failed to produce by affidavit, or otherwise, any evidence indicating that the intent of the parties was to limit the tenant's responsibility to the amount of assessed taxes at the time the lease was signed. The defendant's claim is nothing more than its ipse dixit and thus insufficient to defeat a motion for summary judgment. "The movant has the burden of showing the non-existence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Burns v. Hartford Hospital,192 Conn. 451, 455 (1984).
Second, despite the defendant's claim, paragraph 7 simply does not admit of the interpretation that the defendant urges. CT Page 6932-E While the defendant insists that the intention of the parties was to limit the tenant's obligation to the "current" assessment, the word "current" nowhere appears in paragraph 7. Instead it requires the defendant to pay "any and all property taxes assessed on the Demised Premises." Because the intent of the parties is to be found in the language of the contract itself, and "not on the basis of any intention either may have secretly entertained"; Spicer v. Spicer, supra; the language of paragraph 7 is determinative. The use of the phrase "any and all taxes assessed" indicates that the parties intended that the tenant would be responsible for the assessment currently in effect, plus any increases occurring during the life of the lease. Defendant has not identified anything in the language itself which suggests an ambiguity; nor has he presented any extrinsic evidence supportive of such an interpretation.
Accordingly, the plaintiff's motion for summary judgment is granted. Damages will be determined at a hearing in damages.
SO ORDERED.
Holzberg, J.