[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
1) As to Posta and Abelli. Ocwen' Status as "The Proper Party ToBring The Action". The motion for summary judgment dated November 17, 1998 filed when R.I. Waterman Properties, Inc. was the holder of the mortgage has been replaced and superseded by a motion for CT Page 14127 summary judgment dated September 1, 1999 filed on behalf Ocwen Federal Bank. The plaintiff has provided the court with a copy of the assignment to Ocwen dated December 28, 1998 and recorded in the Bridgeport land records on April 15, 1999. Moreover, Ocwen has a limited power of attorney which empowers it to file motions and documents in connection with foreclosure actions. In addition, Ocwen was substituted as a party plaintiff by order of this court dated April 26, 1999. There is no factual merit to either special defense asserted by Posta or Abelli.
2) As to Abelli only. The Plaintiff's Failure to Produce theOriginal or a Copy of the Original Note. This defense is governed by New England Savings Bank v. Bedford Realty Corp. ,238 Conn. 745, 759-760 (1996). Since the plaintiff is seeking to foreclose the mortgage as distinguished from an action on the note, proof of the existence of the mortgage instrument executed by the defendants is all that is needed. The defendant does not contest the validity of the mortgage.
3) As to Abelli only. Failure of Complaint to "Contain a FullCopy of the Note". Such an assertion by Abelli does not constitute a defense to a foreclosure action. Not only is there no such statutory or practice book requirement but the defendant has not briefed the issue. The defense is patently spurious.
4) As to Posta only. The Notice of Acceleration and Time to Cure.
Contrary to the defendant's claim that the written notice specified July 3, 1997 as the cure date, the copy attached to the plaintiff's motion clearly specifies July 4, a full 30 days from June 4, the later of the two mailing dates. The court is unable to determine whether a such a serious misstatement results from mistake or design. In either case it is to be denounced.
On the other hand, the only evidence to support the date of mailing is the affidavit of Gregory D. Whitworth, Director, default servicing of Ocwen. In his affidavit (paragraph 2) he avers that he is "personally familiar" with the books and records of Ocwen as they relate to this loan. In paragraph 9 he states that "notice of default and acceleration [was] mailed to the defendants . . . on June 3, 1997 or June 4, 1997". There is no statement of the factual basis for such knowledge. The assertion does not amount to an adequate averment of personal knowledge because it does not mention how or where the knowledge was obtained. Associates Financial Services of America, Inc. v.CT Page 14128Sorenson, 46 Conn. App. 721, 733 (1997). The mere assertion of a fact is insufficient to establish the existence of a material fact. Sheridan v. Board of Education, 20 Conn. App. 231, 240
(1989). The unacceptability of this factual assertion leaves open a genuine issue of material fact as to the date of mailing of the notice.
Since only Posta's answer contains such a special defense, the motion is denied as to Posta but granted as to Abelli.
THE COURT,
Mottolese, Judge