[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action comes before the court on the defendants' amended motion for summary judgment on counts one, two and four of the plaintiff's second revised complaint. The three counts against the defendants, James D. Morrissey, Ronald V. Dinivere and J. Peter Zerio (the defendants), allege breach of contract, unjust enrichment and a violation of Connecticut's Unfair Trade Practices Act (CUTPA) respectively.[1] The defendants argue in their supporting memorandum that the plaintiff, Patty Sue Williams, cannot maintain her breach of contract action because Williams' employment agreement contained the entire understanding of the parties. They further argue that Williams' unjust enrichment claim is invalid because "an express contract between the parties precludes recognition of an implied-in-law contract governing the same matter."Meaney v. Connecticut Hospital Association, 250 Conn. 500, 517, 735 A.2d 813
(1999). Finally, the defendants maintain that CUTPA does not apply because Williams' claims arise out of an employment relationship. The defendants argue, therefore, that no genuine issues of material fact exist and they are entitled to judgment as a matter of law. In response to the motion, Williams filed a memorandum in opposition to the motion and supporting affidavits. Williams argues that genuine issues of material fact exist and also requests a continuance to pursue further discovery, pursuant to Practice Book § 17-47.[2]
"The standard of review of a trial court's denial of a request for continuance was set forth in Plouffe v. New York, N.H.H.R. Co.,160 Conn. 482, 490, 280 A.2d 359 (1971), where our Supreme Court adopted the abuse of discretion standard established by the federal courts."Altfeter v. Naugatuck, 53 Conn. App. 791, 806, 732 A.2d 207 (1999). CT Page 6513 "Where . . . the party opposing summary judgment timely presents [her] affidavit . . . stating reasons why [s]he is presently unable to proffer evidentiary affidavits [s]he directly and forthrightly invokes the trial court's discretion." Plouffe v. New York. N.H.H.R. Co., supra, 490. Under § 17-47, this affidavit must show "precisely what facts are within the exclusive knowledge of the [party to be deposed] and what steps [s]he has taken to attempt to acquire these facts." (Internal quotation marks omitted.) Great Country Bank v. Pastore, 241 Conn. 423,438, 696 A.2d 1254 (1997); see also Peerless Ins. Co. v. Gonzalez,241 Conn. 476, 489, 697 A.2d 680 (1997) (continuance denied where plaintiff never filed a motion or affidavits in this regard); Sheridan v.Board of Education, 20 Conn. App. 231, 238, 565 A.2d 882 (1989) (request for continuance denied where the plaintiff failed to file a memorandum in support of her motion or an explanatory affidavit); Palmieri v. Lee, Superior Court, judicial district of New Haven, Docket No. 405641 (November 24, 1999, Levin, J.) (continuance denied where plaintiff filed neither a motion for a continuance nor an affidavit in support of her contention). "Unless dilatory or lacking in merit, the motion should be liberally treated. Exercising a sound discretion the trial court then determines whether the stated reasons are adequate. And, absent abuse of discretion, the trial court's determination will not be interfered with by the appellate court." (Internal quotation marks omitted.) Plouffe v.New York. N.H.H.R. Co., supra, 490; see also Standard TallowCorporation, v. Jowdy, 190 Conn. 48, 57, 459 A.2d 503 (1983); Altfeter v.Naugatuck, supra, 53 Conn. App. 806-07; Sheridan v. Board of Education, supra, 20 Conn. App. 235-36; see, e.g., Castelvetro v. Mills, Superior Court, judicial district of New Haven, Docket No. 320396 (May 21, 1996,Corradino, J.) (the court granted a continuance in its sound discretion which was not interfered with by the appellate court); Federal DepositIns. Co. v. Renwood Mansfield Associates, Superior Court, judicial district of Tolland at Rockville, Docket No. 051169 (April 10, 1995,Rittenband, J.) (same); Dennler v. Nicolo Carpentry, Inc., Superior Court, judicial district of New London, Docket No. 526566 (November 29, 1994, Leuba, J.) (same).
Williams filed an opposing memorandum asking that the motion be denied on the grounds that it is premature and additional discovery is required. Williams requests that the court stay consideration of the motion until she has an opportunity to. review the documents recently produced and depose the defendants. Williams' memorandum states the specific facts to be discovered including those regarding the nature of the relationship between her and the defendants, the contract between the parties, the terms of the sale of Integrated Systems Resources, Inc. and the benefits received by the defendants.
Williams also filed the affidavit of her attorney providing procedural CT Page 6514 history. The affidavit reveals that after filing this action with a return date of June 16, 1998, Williams served a request for documents in January, 1999 which were not produced until December 21, 1999. The instant motion for summary judgment had already been filed on December 8, 1999. Williams argues that she was unable to depose the defendants until after these documents were reviewed and said depositions were noticed for March, 2000.
In the interest of equity, the court sua sponte treats the plaintiffs request for a continuance as a motion for the same. See Plouffe v. NewYork. N.H.H.R. Co., supra, 160 Conn. 490-91 (equity should govern the trial court's decision whether to authorize affidavits, discovery or "such other order as is just"). Without reaching the question of law presented on the defendants' motion for summary judgment, the court resolves that the foregoing represents an adequate reason to order and the court so orders a continuance to allow the plaintiff to review the documents and depose the defendants. Such continuance shall be for not more than 60 days.
BY THE COURT
Hon. Andre M. Kocay, J.