TOWN OF FARMINGTON *v.* KEVIN V. DOWLING
(9935)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued October 28, 1991—decision released February 4, 1992

*Victor J. Dowling,* with whom, on the brief, was *Victor J. Dowling, Jr.,* for the appellant (defendant).

*Gregory T. D'Auria,* with whom, on the brief, was *Charles L. Howard,* for the appellee (plaintiff).

LAVERY, J. This is an appeal by the defendant from the granting of the plaintiff town's motion for summary judgment on its suit for collection of delinquent real estate taxes pursuant to General Statutes § 12-161.[1] The defendant claims that the trial court improperly granted summary judgment because there was a material issue of fact to be resolved at trial, that is, whether the taxes were properly assessed. We affirm the judgment of the trial court.

---

[1] General Statutes § 12-161 provides: "COLLECTION BY SUIT. All taxes properly assessed shall become a debt due from the person, persons or corporation against whom they are respectively assessed to the town, city, district or community in whose favor they are assessed, and may be, in addition to the other remedies provided by law, recovered by any proper action in the name of the community in whose favor they are assessed."

The pertinent undisputed facts are as follows. On October 1, 1979, and on October 1, 1980, the defendant was the record owner of an undivided 75 percent interest in a parcel of land in Farmington. The remaining 25 percent interest was owned by Samuel Heyman. The parcel was part of a larger piece of property owned by the defendant. The defendant applied to the town's planning and zoning commission for permission to develop the property as a shopping center. On July 17, 1978, the commission approved the application on condition that the defendant convey 5.3 acres of the parcel to the plaintiff as open space. On April 7, 1982, a deed was filed in the Farmington land records conveying the defendant's ownership interest in the parcel to the plaintiff. The property tax assessment on this 5.3 acre parcel is at issue in this appeal. The plaintiff never agreed to waive or assume the defendant's tax liability on the 5.3 acre parcel. The defendant never appealed the commission's decision to challenge the condition of approval that the parcel be conveyed to the plaintiff.

For the years 1979 and 1980, the plaintiff assessed the taxes due on the parcel jointly against the defendant and Heyman. On November 17, 1981, the property assessment was split and the defendant and Heyman each were billed separately for their proportionate shares. On August 31, 1985, the town attorney for the plaintiff sent the defendant and Heyman a collection letter for the unpaid taxes, together with a copy of a letter from the tax collector showing what each owed on their respective interests for the tax years 1979 and 1980.

The defendant failed to file a tax appeal concerning either the 1979 or 1980 assessments prior to this collection action, but instead filed a special defense alleging that the transfer of the parcel to the plaintiff as open space was the consideration for the zoning

approval, and consequently he had no tax liability for the parcel. In essence, the defendant asserted that the tax assessments were improper.

The defendant opposed the plaintiff's motion for summary judgment on two grounds, claiming that material issues of fact remain to be resolved: (1) whether the taxes were properly assessed against him; and (2) whether he received notice of the taxes due. He claims that these issues are relevant to his defenses that he was not subject to taxes on the parcel and that receipt of notice is an essential element of the assessment process as contemplated by General Statutes § 12-161. The trial court found the defendant's claims to be without merit and granted summary judgment in favor of the plaintiff. The trial court denied the defendant's motion to reargue.

The abstract of assessment of real property in the town of Farmington shows that on the first day of October, 1979, and on the first day of October, 1980, a joint assessment was made against the defendant and Heyman. After the subsequent split of the assessment, however, the plaintiff town brought its collection action against the defendant severally.

The defendant relies on *New London* v. *Miller,* 60 Conn. 112, 115, 22 A. 499 (1891), which states: "In an action where the complaint alleged a several assessment and the proof was of a joint one, no valid judgment could be rendered, because it could not follow both." The defendant claims that because General Statutes § 12-161 mandates that the taxes be "properly assessed," the question of the joint assessment and the proof of a severed tax bill was a material issue of fact which should have been resolved at a trial.

"Under our rules of practice, any party may move for summary judgment once the pleadings in a case are closed. Practice Book § 379. . . . 'The judgment

sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384." *Cummings & Lockwood* v. *Gray,* 26 Conn. App. 293, 296–97, 600 A.2d 1040 (1991). "Once the moving party has filed the appropriate documents, the party opposing the motion 'must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.'. . . The mere presence 'of an alleged adverse claim is not sufficient to defeat a motion for summary judgment.' . . . Rather, 'the defendant must recite specific facts . . . which contradict those stated in the plaintiff's affidavits and documents.' . . . 'In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.' " (Citations omitted.) Id., 297.

Our Supreme Court has "repeatedly insisted that a taxpayer wishing to contest the legality of its tax assessments must follow prescribed statutory procedures." *Schlumberger Technology Corporation* v. *Dubno,* 202 Conn. 412, 422, 521 A.2d 569 (1987). " 'Where the General Assembly has established complete, adequate and speedy statutory remedies for alleged tax irregularities, a taxpayer must exhaust them.' " *Norwich* v. *Lebanon,* 200 Conn. 697, 709, 513 A.2d 77 (1986). " 'A taxpayer who has not sought redress in an appropriate manner is foreclosed from continuing litigation outside these statutes.' " *Owner-Operators Independent Drivers Assn. of America* v. *State,* 209 Conn. 679, 692, 553 A.2d 1104 (1989), quoting *National CSS, Inc.* v. *Stamford,* 195 Conn. 587, 597–98, 489 A.2d 1034 (1985). By failing to contest the assessments of the par-

cel properly, the defendant has effectively waived his right to challenge them. *Owner-Operators Independent Drivers Assn. of America* v. *State,* supra, 687; *Concerned Citizens of Sterling* v. *Sterling,* 204 Conn. 551, 556, 529 A.2d 666 (1987). Indeed, direct judicial adjudication is not warranted when the relief sought by a litigant may have been obtained through an alternative statutory procedure which the litigant has chosen to ignore. *Owner-Operators Independent Drivers Assn. of America* v. *State,* supra.

"The claim that the property had been wrongfully or excessively assessed could have been appealed in one of two ways: (1) to the board of tax review and from there, within two months, to the Superior Court pursuant to §§ 12-111 and 12-118; or (2) by direct action to the court within one year from the date when the property was last evaluated for purposes of taxation pursuant to § 12-119."[2] *Norwich* v. *Lebanon,* 193 Conn. 342, 346–48, 477 A.2d 115 (1984); *Woodbury* v. *Pepe,* 6 Conn. App. 330, 332–33, 505 A.2d 723 (1986). General Statutes §§ 12-118 and 12-119 "limit to a short period the time within which the property owner can seek relief under them, and the purpose of this is undoubtedly to prevent delays in the ultimate determination of the amounts a municipality can collect as taxes." *Cohn* v. *Hartford,* 130 Conn. 699, 702, 37 A.2d 237 (1944); *Norwich* v. *Lebanon,* supra, 200 Conn. 710.

---

[2] General Statutes § 12-111 provides in pertinent part: "APPEALS TO BOARD OF TAX REVIEW. At such meeting any person . . . claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to such board of tax review, which shall determine all such appeals and report in writing the final determination of such appeals . . . . Such board may equalize and adjust the valuations and assessment lists of such town . . . ."

General Statutes (Rev. to 1981) § 12-118 provides in pertinent part: "APPEAL FROM BOARD OF TAX REVEIW. Any person . . . claiming to be aggrieved by the action of the board of tax review in any town or city may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial dis-

*Hartford* v. *Faith Center, Inc.,* 196 Conn. 487, 493 A.2d 883 (1985), parallels this case. From 1977 to 1980, the city of Hartford assessed taxes against the defendant, which the defendant believed were improper. The defendant never challenged the assessments pursuant to the statutory procedure, but chose to await the attempts of the plaintiff to collect the taxes. After the plaintiff made a claim to collect the taxes pursuant to § 12-161, the defendant sought to raise as a special defense that the taxes were illegally assessed. Id., 489. Our Supreme Court unequivocally stated that "[t]he courts of this state have consistently held that, in collection actions pursuant to General Statutes § 12-161 and its predecessors, the validity of the tax may not be questioned." Id., 490. The court held that the public policy concerning state taxes applies with equal force to municipal taxes and that " '[i]t is not to the advantage of the State that those whom it seeks to tax should refuse to pay their taxes in order to test their validity. Such a course, if largely followed, might cause the State more than an inconvenience in the disturbance of the budget upon which the payments of its governmental obligations depended. The more orderly course is a compliance with the law by a payment, reserving the right

trict in which such town or city is situated . . . . The court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable . . . ."

General Statutes § 12-119 provides in pertinent part: "REMEDY WHEN PROPERTY WRONGFULLY ASSESSED. When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation . . . ."

to contest the validity of the required payment.' *Underwood Typewriter Co.* v. *Chamberlain,* 92 Conn. 199, 204, 102 A. 600 (1917)." *Hartford* v. *Faith Center, Inc.,* supra, 489–90.

In this case, the defendant never contested the propriety of the assessments until the plaintiff sought to collect the unpaid taxes. Such a course of action is not permitted by the applicable statutes. By his failure to contest the assessment pursuant to the applicable statutes, the defendant waived his right to challenge it because a taxpayer may not assert that an assessment is improper in a collection action under § 12-161. There is no material fact at issue, and the trial court properly granted summary judgment as a matter of law.

Finally, the defendant claims that he did not receive adequate notice pursuant to the applicable statutes. General Statutes § 12-130 (a) provides in pertinent part: "Failure to send out any [rate] bill or statement shall not invalidate the tax." Because the issue of whether the defendant got formal notice is not an issue of material fact, it would make no difference in the result of the case, and is not a bar to summary judgment. *Hammer* v. *Lumberman's Mutual Casualty Co.,* 214 Conn. 573, 578, 573 A.2d 699 (1990); *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 379, 260 A.2d 596 (1969); *Booth* v. *Flanagan,* 23 Conn. App. 579, 584, 583 A.2d 148 (1990), appeal dismissed, 220 Conn. 453, 599 A.2d 380 (1991).

The judgment is affirmed.

In this opinion the other judges concurred.