[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION TO DISMISS #103
ISSUE
Whether the court should grant the defendant's motion to dismiss because the court lacks subject matter jurisdiction since the plaintiff's action based on General Statutes Sec. 12-119 was brought beyond the one year period provided therein and because the plaintiff paid the allegedly wrongful tax prior to bringing the action.
FACTS
The following facts are alleged in the complaint. The plaintiffs, Haynes B. Johnson, Sarah M. Johnson, Michael B. Johnson and Paul A. Johnson, were, on October 1, 1990, the owners of certain property located in CT Page 4411 Killingworth, Connecticut. On January 24, 1992, the plaintiffs commenced this action under General Statutes Secs.12-119, 12-40, 12-62a, and 12-55 by causing process to be served on Susan Adinolfo, the Town Clerk of the Town of Killingworth, and on Donna Shanoff, the Tax Assessor for the Town of Killingworth.
DISCUSSION
"Practice Book Sec. 143 provides in relevant part: `The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . .'" Southport Manor Convalescent Center, Inc., v. Foley,216 Conn. 11, 12 n. 1, 578 A.2d 646 (1990). "The motion to dismiss. . . admits all facts which are well pleaded, invokes the existing record and must be decided on that alone." Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988). "Furthermore, in the area of subject matter jurisdiction. . . `the court should indulge every presumption in favor of subject matter jurisdiction.'" Caserta v. Zoning Board of Appeals, 219 Conn. 352, 362, 593 A.2d 118 (1991), quoting LeChonche v. Elligers, 215 Conn. 701, 714,579 A.2d 1 (1990) (citation omitted). To that end, the court must "consider the allegations of the complaint in the light most favorable to the plaintiff." Cummings v. Tripp,204 Conn. 67, 75, 527 A.2d 230 (1987) (citations omitted).
The defendants, the Town of Killingworth, Susan Adinolfo and Donna Shanoff, argue that the court lacks subject matter jurisdiction over the plaintiffs' tax appeal because the action was not brought within the one year time period provided in General Statutes Sec. 12-119 and because the plaintiffs paid the alleged wrongfully assessed tax before bringing this action in violation of the provisions of General Statutes Sec. 12-119.
The plaintiffs argue that neither bringing the action beyond the time limitation nor the prepayment of the allegedly wrongful tax violate jurisdictional requirements and, therefore, the failure to comply therewith does not deprive the court of subject matter jurisdiction.
 General Statutes Sec. 12-119 provides: "REMEDY WHEN WRONGFULLY ASSESSED. When it is claimed that a tax has been laid on a property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was CT Page 4412 manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . may, in addition to other remedies provided by law, make application for relief to the superior court. . . . In all such actions, the superior court shall have the power to grant such relief upon such terms and in such manner and form as to justice and equity appertains. . . ."
Second Stone Ridge Cooperative Corporation v. Bridgeport,220 Conn. 335, 336 n. 1, 597 A.2d 326 (1991). General Statutes Sec. 12-119 also provides that such application be made "prior to the payment of such tax" and that "[s]uch application may be made within one year from the date as of which the property was last evaluated for purposes of taxation." Farmington v. Dowling, 26 Conn. App. 545,551 n. 2, 602 A.2d 1047 (1992).
Neither bringing the action beyond the one year time limitation nor the payment of the allegedly wrongful tax before the bringing the action constitute flaws in the subject matter jurisdiction of the court. L. G. DeFelice 
Son, Inc. v. Wethersfield, 167 Conn. 509, 513, 356 A.2d 144
(1975) (statutory time limit of General Statutes Sec. 12-119
is procedural and not jurisdictional); Reiner v. Farmington,5 CSCR 939 (October 18, 1990, Corrigan, J.) (payment of the allegedly wrongful tax prior to bringing action under General Statutes Sec. 12-119 does not deprive the court of subject matter jurisdiction.
The motion to dismiss is denied.
AUSTIN, J.