[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (119)
The plaintiff, Lawrence Mulligan, commenced this action on March 13, 1991 against the defendant, INA Life Insurance Co. ("INA"). In a four count complaint, the plaintiff alleges that he applied for and was issued a professional disability policy from INA. The plaintiff alleges further that he was totally disabled from December 22, 1987 until September 6, 1990 and that INA refused and continues to refuse to pay the plaintiff's disability benefits to which he is entitled under the terms of the policy.
The defendant INA has moved for summary judgment on the ground that the plaintiff's alleged disability falls under a waiver in the disability policy and therefore, bars him from receiving any benefits. In support of its motion for summary judgment, INA submits a memorandum of law and numerous attachments, including a copy of the disability policy and an uncertified copy of the CT Page 4091 deposition of Dr. Michael Murphy, the plaintiff's treating physician. In opposition, the plaintiff submits a memorandum of law and attachments.
Summary judgment shall be granted if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Farmington v. Dowling, 26 Conn. App. 545,548-49, 602 A.2d 1047 (1992). "A motion for summary judgment shall be supported by such documents as may be appropriate, including . . . affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. The party seeking summary judgment has the burden of showing the nonexistence of any material fact. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980). "A `material fact' has been defined adequately and simply as a fact which will make a difference in the result of a case." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596 (1969). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984).
INA's disability policy includes a "waiver or elimination rider" stating that the policy will not cover the plaintiff for any loss due to "any disease of/or injury to the lumbosacral spine, any residual impairment as a result of any disease of the lumbosacral spine and/or trauma, treatment or operation therefore or complications therefrom." INA directs the court to the deposition testimony of Dr. Murphy and argues that the plaintiff's disability falls under this waiver and therefore bars him from recovery.
Deposition testimony submitted in support of summary judgment must be certified. Practice Book 380. Copies of uncertified and unauthenticated deposition testimony may not be used in deciding a motion for summary judgment, Gough v. Town of Fairfield,7 Conn. L. Rptr. 50
(August 3, 1992, Lewis, J.). In concluding that deposition testimony is insufficient for the purposes of a motion for summary judgment, the court in Esposito v. Wethered, 4 Conn. App. 641, 645,496 A.2d 222 (1985), stated:
 The primary purpose of a deposition. . . is discovery. . . Responses to interrogatories are not judicial admissions in contrast to admissions in a pleading or in open court. . . A response to a question propounded in a deposition is not a CT Page 4092 judicial admission. General Statutes 52-200. At trial, in open court, the testimony of . . . [the deponent] may contradict her earlier statements and a question for the jury to decide may then emerge. . .
(Internal citations omitted.) Id.
The uncertified deposition testimony of Dr. Murphy is the only evidence submitted by INA in support of its contention that the plaintiff's disability is a condition barred by the waiver provision in the disability policy. Accordingly, the defendant INA has not met its burden of establishing that the plaintiff's condition bars him from recovering pursuant to the disability policy.[1] For the foregoing reason, the defendant's motion for summary judgment is denied.
PICKETT, J.