[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Plaintiff Holly Flor commenced this action by complaint dated February 21, 1992 against the defendants David Shortt and Norbert Lillis, both officers of the New Milford Police Department, and others including the New Milford Bank Trust company (the "defendant Bank"), its officers and attorneys. The amended complaint dated May 15, 1992 claims malicious prosecution and violation of42 U.S.C. § 1983. Defendants Shortt and Lillis have moved for summary judgment on the grounds that (1) the arrest in which they participated was made with probable cause, and (2) they are entitled to common law qualified immunity.
Summary judgment shall be granted if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.Farmington v. Dowling, 26 Conn. App. 545, 548-49 (1992). "A motion for summary judgment shall be supported by such documents as may be appropriate, including . . . affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 380. The party seeking summary judgment has the burden of showing the nonexistence of any material fact. D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434 (1980). "A `material fact' has been defined adequately and simply as a fact which will make CT Page 10560 a difference in the result of a case." United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 379
(1969). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317 (1984).
The underlying facts are as follows: Plaintiff apparently had a credit arrangement with Connecticut National Bank ("CNB") whereby as a revolving loan CNB would honor overdrafts in plaintiff's CNB account up to $150,000. When CNB indicated that it would no longer honor such overdrafts, plaintiff, after consulting with work-out counsel, deposited in various of her accounts at the defendant Bank checks approximating $170,000 drawn on her CNB account. As there were insufficient funds to cover these checks, they were subsequently dishonored by CNB. In the interim, plaintiff withdrew from the defendant Bank the funds represented by the checks, resulting in a loss in that amount to the defendant Bank. Plaintiff has since filed for relief under Chapter 11 of the Bankruptcy Code.
Defendants Shortt and Lillis investigated the complaint made approximately one month after the withdrawals by representatives of the defendant Bank to the New Milford Police Department. This resulted in plaintiff's arrest on the charge of Larceny in the first degree (General Statutes § 53a-122), a Class B felony, pursuant to the arrest warrant application and supporting affidavit of these defendants upon which probable cause was found (Doherty, J.). The criminal charge against the plaintiff was dismissed (Dranginis, J.) immediately after the prosecutor entered a nolle on the ground that as he was advised that plaintiff had acted on advice of counsel, he did not believe the State could prove the requisite "criminal state of mind."
The sequence of events was as follows:
February 7, 1991: Plaintiff consults work-out counsel.
February 7-8, 1991: Plaintiff deposits subject checks drawn on her CNB account into her accounts at CT Page 10561 defendant Bank and withdraws the funds represented by these checks.
March 11, 1991: Bank representatives complain to New Milford Police Department. Investigation commenced.
March 20, 1991: Arrest warrant application presented to and signed by Doherty, J.
March 21, 1991: Plaintiff arrested.
June 25, 1991: Criminal charge dismissed after nolle.
Prior to December 5, 1991: Plaintiff files for relief under Chapter 11 of the Bankruptcy Code.
In order to prove either her state law claim of malicious prosecution or her claim of violation of42 U.S.C. § 1983 based on malicious prosecution, the plaintiff must establish that: (1) the defendants initiated or procured the initiation of a criminal proceeding against her; (2) that the criminal proceeding terminated in her favor; (3) that the defendants acted without probable cause; and (4) that the defendants acted with malice. McHale v. W.B.S. Corporation, 187 Conn. 444
(1982); Posr v. Doherty, 944 F.2d 91 (2nd Cir. 1991).
The right not to be arrested or prosecuted without probable cause is a clearly established constitutional right. Golino v. City of New Haven, 950 F.2d 864 (2nd Cir. 1991), cert. denied, ___ U.S. ___, 112 S.Ct 3032,120 L.Ed.2d 902 (1992). "Probable cause, broadly defined, comprises such facts as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe that criminal activity has occurred." State v. Barton, 219 Conn. 529, 548 (1991).
"An arresting officer is entitled to qualified immunity from a suit for damages on a claim for arrest without probable cause if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met."Golino v. City of New Haven, supra, 870. Intentional or CT Page 10562 reckless omissions of material information may form the basis for a challenge, and recklessness may be inferred where the omitted information was critical to the probable cause determination. Id., 871.
Summary judgment for a defendant upon this immunity is not available if, after the omitted material is deemed to have been included in the probable cause affidavits, no reasonably competent officer would have sought an arrest warrant. However, if reasonable officers could disagree as to whether probable cause then exists, the immunity defense is available. Cartier v. Lussier,955 F.2d 841 (2nd Cir. 1992).
The gravamen of the claim of probable cause is not that plaintiff deposited checks for which there were insufficient funds, but rather having done so, she withdrew and retained the funds represented by those checks with knowledge that the drawee bank (CNB) would not and in fact did not honor the deposit checks. Plaintiff raises a number of material factual issues in opposition to this motion, including issues relating to plaintiff's knowledge of CNB's intentions, to alleged material inquiries not made by defendants Shortt and Lillis in connection with their investigation, to malice, and to the reasonableness of the actions of these defendants in seeking the arrest warrant.
The documents furnished by the defendants in support of their motion primarily consist of a resubmission of the arrest warrant with the supporting statements submitted therewith, and deposition testimony of these defendants and the defendant Bank officer rehashing those statements. Defendants have furnished no Practice Book §§ 380-381 affidavits of these defendants or any other party, nor have they furnished any other proof conclusively controverting the foregoing material factual issues raised by the plaintiff. For example, there is no affidavit of a proper CNB officer respecting plaintiff's knowledge that CNB would no longer honor overdrafts. There is no evidence on whether plaintiff's work-out counsel advised her to withdraw or not to withdraw the subject funds from the defendant Bank.
Although plaintiff's ultimate evidentiary burden may CT Page 10563 be a heavy one, these defendants have failed to present evidence showing the absence of any genuine issue of material fact. Accordingly, the motion for summary judgment is denied.
DAVID L. FINEBERG, J.