[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RECONSIDERED RULING ON MOTION FOR SUMMARY JUDGMENT
Defendants Norbert Lillis and David Shortt have moved for reargument on their Motion for Summary Judgment dated September 9, 1994. The Court denied summary judgment by Memorandum of Decision dated October 25, 1994, reference to which is had for the underlying facts and legal issues involved.
The claims against these Defendants are set forth in the Fifth and Seventh Counts of the Amended Complaint. The Fifth Count alleges a claim of malicious prosecution under state law. The Seventh Count alleges a violation of42 U.S.C. § 1983 based upon malicious prosecution. Only the Seventh Count is now implicated.
The Defendants seek reargument in order to bring to the Court's attention a recently reported U.S. Supreme Court case which they claim is dispositive of Plaintiff's claims alleged in the Seventh Count. That case isAlbright v. Oliver, ___ U.S. ___, 114 S.Ct. 807 (1994), reh'g denied, 114 S.Ct. 1340 (March 21, 1994). The Court concurs that this case is dispositive.
Plaintiff's 42 U.S.C. § 1983 claim alleged in the Seventh Count is that the actions of these Defendants complained of "deprived the plaintiff of the rights, privileges and immunities secured to her by the Fifth and Fourteenth Amendments to the Constitution of the United States of America." A material element of Plaintiff's Seventh Count claim is that these Defendants acted without probable cause. Posr v. Doherty, 944 F.2d 91
(2nd Cir. 1991).
The substance of the Seventh Count claim is that Plaintiff's substantive due process rights have been violated. These rights apply to state governmental action through the Due Process Clause of the Fourteenth Amendment. CT Page 10991
Albright v. Oliver holds that there is no substantive right under the Due Process Clause of the Fourteenth Amendment to be free of prosecution without probable cause. Rather, such right to the extent it exists, must be based on the Fourth Amendment proscription against unreasonable searches and seizures, and issuance of warrants without probable cause. The Supreme Court left the resolution of that issue open for another day.
Albright v. Oliver, involved a 42 U.S.C. § 1983 claim based upon a state law claim for malicious prosecution.Albright v. Oliver is squarely on point. The 42 U.S.C. § 1983
cause of action alleged in the Seventh Count does not exist. As a matter of law, the Seventh Count does not state a claim upon which relief can be granted.Farmington v. Dowling, 26 Conn. App. 545 (1992).
Upon reconsideration, the Motion for Summary Judgment is granted with respect to the Seventh Count.
DAVID L. FINEBERG, J.