[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#155)
The plaintiff, Donna K. Karabelas, commenced this action against the defendants, Robert F. Munson, Roderick J. Thorne and David A. Cleaves, to recover damages allegedly sustained as the result of a failed real estate transaction. The plaintiff filed a ten count verified complaint against the defendants. The defendant Munson now moves for summary judgment on the first count of the complaint, which alleges breach of a real estate sales contract and seeks specific performance of that contract.
The first count of the complaint alleges that the plaintiff and Munson entered into a contract of sale that provided that the plaintiff would purchase from Munson certain real property known as the Roxbury Market. The contract provided that Munson would provide certain environmental test results to the plaintiff, and that it was subject to the plaintiff receiving satisfactory results of an environmental site survey of the property. Munson provided the plaintiff with the necessary test results which represented that the property was free from environmental contaminants or concerns. The plaintiff, however, commissioned a partial environmental site assessment, which determined that the soil on the property contained contaminants. Munson then had another assessment performed that confirmed the results and findings of the plaintiff's site assessment that the property was contaminated. His report estimated the costs of remedying the environmental condition would be approximately $40,700.
In August 1993, Munson expressly told the plaintiff that he no longer wanted to go through with the contract since he had received a better offer for the property and was holding monies in escrow. He also told the plaintiff and her husband that prior to the signing of the contract there had been a significant spill of CT Page 2510-A gasoline on the property, and that although he was aware of it, he did not report it to the proper authorities.
In August 1993, the plaintiff alleges that Munson and the plaintiff agreed that Munson would take full responsibility to commence and complete remediation of the property. In return, the plaintiff agreed to increase the purchase price by $25,000 as a contribution towards the environmental clean-up costs assumed by Munson. The plaintiff alleges she was and still is ready to pay the defendant Munson the purchase price of the contract, including the additional agreed upon contribution toward the environmental clean up costs.
On September 14, 1993, Munson informed the plaintiff that he would not remedy or be responsible for the environmental problems on the property and that she could buy the property "as is" or not purchase it and receive her deposit back. Munson insisted that the plaintiff respond to his demand under the stated conditions within three days. On September 17, 1993, the plaintiff requested additional time to investigate the environmental condition of the property and review the already existing environmental information, but Munson refused to provide any additional time and terminated the contract. On September 29, 1993, Munson sold the property to the defendants Thorne and Cleaves.
The plaintiff claims the defendant breached the contract in the following manner: failing to remedy the environmental condition of the property despite representations to do so; failing to transfer the property to the plaintiff; transferring the property to the defendants Thorne and Cleaves; failing to provide the plaintiff an adequate opportunity to perform environmental testing or receive satisfactory results of such testing; failing to allow the plaintiff to exercise her right of first refusal; and by unilaterally terminating the contract. The plaintiff seeks specific performance of the contract.
The defendant Munson filed an answer and special defenses to the complaint alleging that it fails to state a cause of action against the defendant Munson, and that the contract violates Connecticut's Statute of Frauds, General Statutes Sec. 52-550.
The defendant Munson now seeks summary judgment on the first count for the following reasons: (1) the contract is not enforceable because subsequent to Munson signing the contract, modifications were made to it that he never expressly agreed to, CT Page 2510-B and therefore, no contract was ever formed; and (2) the plaintiff failed to fulfill the condition precedent to the contract that it receive to its satisfaction assurance that the property was free of environmental contamination. The defendant attached a memorandum of law and other documentation in support of his summary judgment motion. The plaintiff filed a memorandum in opposition and attached an affidavit, and other documentation.
Summary judgment shall be granted if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Farmington v. Dowling, 26 Conn. App. 545, 548-49,602 A.2d 1047 (1992). "A motion for summary judgment shall be supported by such documents as may be appropriate, including affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book Sec. 380. The party seeking summary judgment has the burden of showing the nonexistence of any material fact. D.H.R. Construction Co. v.Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980). "A `material fact' has been defined adequately and simply as a fact which will make a difference in the result of a case." United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596
(1969). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984).
"[U]ncertified copies of documents to which no affidavit exists attesting to their authenticity do not constitute `proof' or `documentary evidence'" for purposes of a motion for summary judgment. Langlais v. Guardian Life Ins. Co.,7 Conn. L. Rptr. 34, 35 (July 7, 1992; Lewis, J.). Additionally, deposition testimony submitted in support of a summary judgment motion must be certified. Practice Book Sec. 380; Mulligan v. Life Ins. Co. ofNY, Superior Court, Judicial District of Litchfield, Docket No. 055868 (April 20, 1994, Pickett, J.); Oberdick v. Allendale Mut.Ins. Co., 9 Conn. L. Rptr. 178 (May 27, 1993; Celotto, J.). Copies of uncertified and unauthenticated deposition testimony may not be used in deciding a motion for summary judgement. Gough v. Town ofFairfield, 7 Conn. L. Rptr. 50 (August 3, 1992, Lewis J.). In concluding that deposition testimony is insufficient for the purposes of a motion for summary judgment, the court in Esposito v.Wethered, 4 Conn. App. 641, 645, 496 A.2d 222 (1985) stated:
The primary purpose of a deposition . . . is CT Page 2510-C discovery . . . Responses to interrogatories are not judicial admissions in a pleading or in open court. A response to a question propounded in a deposition is not a judicial admission. General Statutes 52-200. At trial, in open court, the testimony of [the deponent] may contradict her earlier statements and a question for the jury to decide may then emerge.
(Internal citations omitted.) Id.; Mulligan v. INA Life Ins. Co.of N.Y., supra; see also Oberdick v. Allendale Mutual Ins., supra, 344 (even certified deposition testimony is insufficient to support or oppose a motion for summary judgment because the allowable scope of questioning at a deposition exceeds the boundaries of admissible evidence, and answers are ordinarily admissible only for impeachment purposes or to the extent admissible under the rules of evidence in certain limited circumstances).
The only evidence submitted by Munson in support of his motion for summary judgment are the unauthenticated, uncertified copies of portions of the deposition testimony of Gerald J. Daly, the defendant's proposed contract, and the alleged contract. No affidavit has been submitted by the defendant that would authenticate these uncertified copies. The only evidence that is properly before the court is the copy of the alleged contract, which may be considered by the court because it already is part of the verified complaint. The other documentary evidence submitted by the defendant is not properly before the court since it is unauthenticated and uncertified, and therefore cannot be considered in this motion.
The court cannot grant the defendant's motion for summary judgment on the grounds that no enforceable contract exists between the parties since the only evidence before the court is the copy of the alleged contract. Munson has not submitted an affidavit attesting to the fact that changes were made to the contract after he signed it, what these changes were, and that he did not agree to these changes. Without an affidavit by Munson attesting to such facts and establishing that there is no enforceable contract, the court cannot grant the defendant's motion on these grounds.
Additionally, the court cannot grant the defendant's motion on the grounds that a condition precedent to the contract was never satisfied. Once again, the defendant has failed to provide sufficient proof for the court to grant summary judgment, since CT Page 2510-D there is no evidence properly before the court to support the defendant's position. Furthermore, the plaintiff claims that the condition precedent was for her benefit, and that she waived this condition and has submitted an affidavit attesting to these facts.[1]
Generally, waiver is a question of fact for the trier; it need not be express, but "may consist of conduct from which waiver may be implied." (Citations and internal quotations omitted). Loda v.H.K. Sargeant Associates, Inc., 188 Conn. 69, 76, A.2d (1982) (plaintiffs waived financing contingency clause of real estate sales contract). The defendant has failed to show that there is no genuine issue of material fact as to the plaintiff's failure to fulfill this condition precedent to the contract and therefore his motion cannot be granted on these grounds.
For these reasons, the defendant's motion for summary judgment on the first count of the complaint is denied.
PICKETT, J.