[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#112)
The plaintiff, the estate of Jorge A. Agosto, through Debra Ann Prest Agosto, Administratrix, commenced this action against the defendant, Aetna Casualty and Surety Company, to recover uninsured and underinsured motorist benefits under the terms of an insurance policy issued by the defendant to the State of Connecticut. The plaintiff's decedent was killed when he was struck by a motorist while performing his duties as a Connecticut State Trooper. The motor vehicle liability policy of the individual responsible for Agosto's death has been exhausted and is inadequate to fully compensate the plaintiff for the decedent's injuries and death. The plaintiff, therefore, seeks recovery under the uninsured motorist coverage of Agosto's employer, the State of Connecticut.
The defendant has filed an amended answer and special defenses to the plaintiff's complaint. The special defenses allege that the plaintiff's injuries were caused by his own negligence and carelessness, and that any coverage that might be available to the plaintiff is reduced by all sums paid or payable under workers' compensation, disability benefits or similar law and all sums paid by or for anyone who was legally responsible.
The defendant now moves for summary judgment.[1] In support of its motion, the defendant filed a memorandum of law and attached supporting documentation. The plaintiff timely filed a memorandum CT Page 2358 in opposition, with supporting documentation. The defendant subsequently filed a supplemental memorandum and attached an affidavit, and a certified deposition transcript.
Summary judgment shall be granted if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Farmington v. Dowling, 26 Conn. App. 545,548-49, 602 A.2d 1047 (1992). "A motion for summary judgment shall be supported by such documents as may be appropriate, including . . . affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book Sec. 380. "[M]ere conclusions are insufficient as is evidence which would be inadmissible upon the trial, such as hearsay." Farrell v.Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1980). The party seeking summary judgment has the burden of showing the nonexistence of any material fact. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430,434, 429 A.2d 908 (1980). "A `material fact' has been defined adequately and simply as a fact which will make a difference in the result of a case." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 379, 260 A.2d 596 (1969). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984).
The defendant argues that the court should grant summary judgment because the defendant was not an insured under the terms of the uninsured motorist endorsement to the policy. The defendant argues that the plaintiff is not covered under the policy because he was not a named insured under the policy. Additionally, the defendant contends that the plaintiff was not occupying a covered vehicle at the time of the accident, which the defendant claims is a prerequisite to coverage under the policy.
The plaintiff argues that none of the evidence submitted by the defendant is properly before the court on a summary judgment motion, and therefore the motion cannot be granted. Additionally, the plaintiff claims there is a discrepancy over which endorsement applies, and that the plaintiff was occupying a covered auto so that he falls within the uninsured motorist coverage.
In support of its motion for summary judgment, the defendant attached uncertified and unauthenticated copies of documents, including deposition excerpts, trial testimony excerpts, and the CT Page 2359 uninsured motorist endorsement to the insurance policy. None of these documents are properly before the court since "uncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do not constitute `proof' or `documentary evidence'" for purposes of a motion for summary judgment. Langlaisv. Guardian Life Ins. Co., 7 Conn. L. Rptr. 34, 35 (July 7, 1992; Lewis, J.). Additionally, deposition testimony submitted in support of a summary judgment motion must be certified. Practice Book Sec. 380; Oberdick V. Allendale Mut. Ins. Co.,9 Conn. L. Rptr. 178 (May 27, 1993; Celotto, J.). Copies of uncertified and unauthenticated deposition testimony may not be used in deciding a motion for summary judgement. Gough v. Town of Fairfield,7 Conn. L. Rptr. 50 (August 3, 1992, Lewis J.).
After the plaintiff objected to the sufficiency of the defendant's supporting documentation, the defendant filed a supplemental memorandum and attached an affidavit and certified copy of a deposition transcript. The affidavit only authenticates a copy of portions of the insurance policy in question, including the uninsured motorist coverage endorsement. The defendant did not submit any affidavit that would show that the plaintiff is not an insured under the terms of the policy. Instead, the defendant submitted a certified copy of the deposition transcript of Robert Mantho, a Connecticut State Trooper. Mantho was not a witness to the accident, but instead prepared a report reconstructing the accident.
The deposition transcript of Robert Mantho is the only evidence submitted by the defendant in support of its claim that Agosto was not occupying a covered vehicle at the time of the accident. On a summary judgment motion, however, even certified deposition testimony has limited evidentiary value for the court. In concluding that deposition testimony is insufficient for the purposes of a motion for summary judgment, the court in Esposito v.Wethered, 4 Conn. App. 641, 645, 496 A.2d 222 (1985) stated:
 The primary purpose of a deposition. . . is discovery . . . Responses to interrogatories are not judicial admissions in a pleading or in open court. . . . A response to a question propounded in a deposition is not a judicial admission. General Statutes § 52-200. At trial, in open court, the testimony of . . . [the deponent] may contradict her earlier statements and a question for the jury to decide may then emerge. . . . CT Page 2360
(Internal citations omitted.) Id. In Oberdick v. AllendaleMutual Ins., supra, 344, the court stated that certified deposition testimony is insufficient to support or oppose a motion for summary judgment. The court noted that depositions are "ordinarily used for impeachment purposes; Practice Book Sec. 248(1)(a); and are admitted into evidence only `so far as admissible under the rules of evidence' in certain limited circumstances. Practice Book Sec. 248(1)(b) and (d)." Id. Additionally, the scope of inquiry at a discovery deposition exceeds the boundaries of admissible evidence. Id., citing Sanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134,139, 491 A.2d 797 (1980).
Evidence that is inadmissible at trial is not sufficient evidence on a summary judgment motion; Farrell v. Farrell, supra,182 Conn. 39; and, thus, the court cannot consider the deposition testimony submitted by the defendant. The party moving for summary judgment is held to a strict standard of demonstrating its entitlement to summary judgment. Kakadelis v. DeFabritis,191 Conn. 276, 282, 464 A.2d 57 (1983). "To satisfy this burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Plouffe v. New York. N.H. H.R.Co., 160 Conn. 482, 488, 280 A.2d 359 (1971). The defendant has failed to meet this burden, since it has not presented sufficient evidence for the court to consider on this motion.
Therefore, the defendant's motion for summary judgment is denied.
PICKETT, J.