[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 9, 1996
On September 12, 1995, the plaintiff filed a complaint, amended on October 10, 1995, seeking to foreclose tax liens on property owned and possessed by Res-Comm Investments (Res-Comm). The complaint contains three counts, each one corresponding to taxes assessed in 1991, 1992 and 1993.[1]
Res-Comm filed an answer and special defenses on October 5, 1995. The plaintiff moved to strike the answers to counts two and three and the special defenses, and on February 14, 1996, the motion was granted. Res-Comm filed a new answer and special defenses on April 29, 1996.
On June 6, 1996, the plaintiff moved for summary judgment on counts two and three and filed a memorandum of law and an affidavit in support of the motion. Res-Comm objected to the motion and filed a memorandum of law and an affidavit in opposition.
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384 . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the CT Page 5204-XXX existence of such an issue . . . See Practice Book § 381." (Citations omitted; internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185,202-03, 663 A.2d 1001 (1995).
The plaintiff argues that it is entitled to judgment as a matter of law because there is no question that the taxes due on the property for 1992 and 1993 were not paid. In support of this argument, the plaintiff submitted an affidavit from Eugene Boselli, the Tax Agent Supervisor for the City of Bridgeport. In this affidavit, Mr. Boselli attests that the taxes assessed on the property for 1992 and 1993 have not been paid.
Res-Comm argues that there is a question of fact concerning the validity of the taxes assessed. Specifically, it contends that the plaintiff has acted inequitably by assessing taxes on property that has a negative value. In support of this argument, Res-Comm relies on an appraisal, prepared on behalf of the plaintiff on October 16, 1995, which states the same.
A claim of unlawful assessment of taxes cannot properly be raised in an action to collect the taxes. Hartford v. FaithCenter, Inc., 196 Conn. 487, 492, 493 A.2d 213 (1985); Farmingtonv. Dowling, 26 Conn. App. 545, 552, 602 A.2d 1047 (1992), appeal dismissed, 619 A.2d 852 (1993). Following this rule of law, numerous Superior Court cases have stricken the special defense of unlawful assessment of taxes in foreclosure actions. See Cityof Hartford v. Ann-High Assoc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 521892 (June 16, 1995) (Satter, STR); City of Stamford v. Daddona, Superior Court, judicial district of Stamford/Norwalk, Docket No. 127293 (November 4, 1994) (Hickey, J.); Town of Stratford v. Siciliano,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 296847, 9 CONN.L.RPTR. 507 (August 5, 1993) (Leheny, J.).
Res-Comm argues that the court should follow the holding ofTown of Watertown v. McDonald, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 124834, 15 CONN.L.RPTR. 575 (January 16, 1996) (McDonald, J.). In McDonald, the court held that because foreclosure is an equitable proceeding, the court must balance the equities between the parties. Accordingly, the court considered a 1991 letter from the town attorney in which he stated that the defendant's property had little value. The McDonald court ruled that this evidence created an issue of CT Page 5204-YYY material fact concerning the validity of the taxes assessed for 1992 through 1994.
Res-Comm argues that this case is similar to McDonald because both sets of plaintiffs are assessing taxes on valueless property. The instant case, however, is distinguishable fromMcDonald. Here, Res-Comm is relying on a valuation prepared in 1995, three years after the assessment of the 1992 taxes. InMcDonald, the court considered a document that was prepared in 1991, at least a year prior to the assessment of the taxes in dispute. Consequently, the court in McDonald may have had a reason to question the legality and equitablity of the assessed taxes, whereas here the plaintiff has failed to demonstrate that its property had a negative value at the time the taxes were assessed.
Additionally, the holding in McDonald is contrary to the Superior Court cases cited above. In each of those cases, the courts recognized that foreclosure is an equitable proceeding, yet they held that a challenge to the assessed tax is not permissible in an action to collect the tax. Therefore, this court will not follow the holding of McDonald.
Clearly, Res-Comm has failed to meet its burden of demonstrating that a genuine issue of material fact exists. "General Statutes § 12-181 permits the trial court to order the sale of real estate to satisfy the foreclosure of municipal tax liens." Voluntown v. Rytman, 21 Conn. App. 275, 278,573 A.2d 336, cert. denied 215 Conn. 818, 576 A.2d 548 (1990).
Accordingly, since the plaintiff is entitled to judgment as a matter of law, its motion for summary judgment is granted.
WEST, J.